**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Aimee O'Neil,

              Plaintiff,

    v.

Pasco County Sheriff,

              Defendant.

Case No. 2:20-cv-00936-GMN-BNW

**SCREENING ORDER AND REPORT AND RECOMMENDATION**

Presently before the Court is pro-se Plaintiff Aimee O'Neil's complaint. ECF No. 1-1. This case arises out of Pasco County Sheriff's ("Pasco's") allegedly illegal search of O'Neil's home in Pasco County, Florida, in 2000. *Id*. at 5.

O'Neil moves to proceed *in forma pauperis*. ECF No. 1. O'Neil submitted the affidavit required by 28 U.S.C. § 1915(a), showing an inability to prepay fees or costs or give security for them. *Id*. O'Neil's request to proceed *in forma pauperis,* therefore, will be granted. The court now screens O'Neil's complaint (ECF No. 1-1) as required by 28 U.S.C. § 1915(e)(2).

I.      **ANALYSIS**

    **A. Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient

factual matter, accepted as true, to state a claim for relief that is plausible on its face." *See*

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and

may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908

(9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

 In considering whether the complaint is sufficient to state a claim, all allegations of

material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler*

*Summit P' ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).

Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff

must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se

plaintiff should be given leave to amend the complaint with notice regarding the complaint's

deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.  Screening the complaint**

 O'Neil brings this case under 42 U.S.C. § 1983 against Pasco. ECF No. 1-1 at 3. O'Neil

alleges that on December 23, 2000, Pasco arrived at her door with an unsigned search warrant and

removed her children in violation of the Fourth Amendment. *Id*. 1-1 at 4-6. O'Neil further alleges

that her due process rights under the Fourteenth Amendment were violated. *Id*. at 6. And O'Neil

alleges that she did not receive notice of a hearing to defend herself. *Id*.

 O'Neil's claims under Section 1983 are barred by the statute of limitations. "It is well-

established that claims brought under § 1983 borrow the forum state's statute of limitations for

personal injury claims . . . ." *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509

F.3d 1020, 1026 (9th Cir. 2007). Nevada's personal injury statute of limitations is two years.

*See* NRS 11.190(4)(e); *Howard v. Chronister*, No. 72704, 2017 WL 4079073, at *1 (Nev. App.

Sept. 7, 2017).

 Here, O'Neil alleges that Pasco conducted an illegal search on December 23, 2000, nearly

20 years ago. Therefore, the Court will recommend dismissal with prejudice on this basis. *Von*

*Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (a complaint may be dismissed when "the running of the statute is apparent on the face of the complaint.").

**II.      CONCLUSION**

IT IS THEREFORE ORDERED that O'Neil's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED. O'Neil will not be required to pay the filing fee in this action. O'Neil is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs.

IT IS FURTHER ORDERED that the clerk of court must file O'Neil's complaint (ECF No. 1-1).

IT IS RECOMMENDED that O'Neil's complaint be DISMISSED with prejudice.

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: October 20, 2020

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE